IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JONATHAN J. ROOKS, : | |
| : | |
| Plaintiff, : | Case No. 4:23-CV-00141-CDL-TQL |
| : | |
| v. : | |
| : | |
| Judge TOMMY SMITH, *et al.*, : | |
| : | |
| Defendants. : | |

# ORDER

*Pro se* Plaintiff Jonathan J. Rooks, a prisoner confined in Muscogee County CI in Columbus, Georgia, initially filed his complaint in the United States District Court for the District of Columbia.  *See* ECF No. 1 in *Rooks v. Smith*, No.1:23-cv-01727-UNA (D.D.C, filed June 12, 2023).  That Court ordered that the complaint be transferred to this Court. ECF No. 4 in *Rooks v. Smith*, No.1:23-cv-01727-UNA (D.D.C, June 29, 2023).  The District Court for the District of Columbia further denied Plaintiff's motion for reconsideration of its decision that venue was improper in its Court and then transferred this civil action to the Middle District of Georgia.  ECF Nos. 7 and 8 in *Rooks v. Smith*, No.1:23-cv-01727-UNA (D.D.C, July 27, 2023).  On September 5, 2023, Plaintiff's requests to proceed *in forma pauperis* were granted (ECF Nos. 2 and 13) and Plaintiff was ordered to pay the statutorily required initial partial filing fee.  ECF No. 14. Plaintiff paid the partial initial filing fee as directed.

On October 11, 2023, the Magistrate Judge conducted an initial review of Plaintiff's complaint. *See* ECF No. 19 at 5-9. Plaintiff was advised of the defects with his complaint including but not limited to immune Defendants, improper joinder of claims, and Plaintiff's claims being barred by *Heck v. Humphrey,* 512 U.S. 477, 484 (1994). *Id*. Rather than recommending dismissal for violating the rules of Civil Procedure and for failure to state a claim for which relief may be granted, the Magistrate Judge granted Plaintiff the opportunity to recast his complaint and provided him with guidance on how to do so. *Id.* at 9-13. Plaintiff has not submitted a recast complaint as directed.

Instead, Plaintiff has now filed a "motion to dismiss case" in which he requests that this Court dismiss his complaint. ECF No. 20. Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Because no defendant has been served in the case, leave of court is not required to dismiss this action, and Plaintiff is automatically entitled to voluntary dismissal. Accordingly, Plaintiff's "motion to dismiss case" (ECF No. 20) is **GRANTED**, and this action is **DISMISSED without prejudice.**

**SO ORDERED**, this 1st day of November, 2023.

        S/Clay D. Land
        CLAY D. LAND, JUDGE
        UNITED STATES DISTRICT COURT